IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICKEY C. MACKEY, § | |
| TDCJ-CID NO.1505553, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION H-12-0626 |
| § | |
| CODY GINSEL, *et al.*, § | |
| Defendants. § | |

OPINION ON DISMISSAL

In late February 2012, plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed the pending case pursuant to 42 U.S.C. § 1983, alleging that on August 5, 2008, Assistant Warden Austin McComb[1] used excessive and unnecessary force against him that resulted in a serious injury to his neck. (Docket Entry No.1). He also alleges that Warden Cody Ginsel failed to protect him from this use of excessive force. (*Id.*). Plaintiff has also filed a more definite statement of his claims. (Docket Entry No.9).

Defendant McComb was served with process through the Office of the Attorney General for the State of Texas. (Docket Entry No.10). Defendant McComb has not answered but filed through the Attorney General of the State of Texas a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No.12). McComb moves to dismiss the complaint based on plaintiff's failure to file suit within the statute of limitations. (*Id.*). Plaintiff has filed a response to the motion. (Docket Entry No.13).

For the reasons to follow, the Court will grant defendant McComb's Motion to Dismiss and will dismiss this suit with prejudice.

---

[1] Plaintiff identifies the officer who used excessive force against him as Officer McCone. (Docket Entry No.1). Defendant's name, however, is Austin McComb. (Docket Entry No.12).

1

DISCUSSION

Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

In cases brought under § 1983, federal courts apply the forum state's general personal injury limitations, *Wallace v. Kato*, 549 U.S. 384, 386 (2007), and its coordinate tolling provisions. *Hardin v. Straub*, 490 U.S. 536 (1989). In Texas, the limitations period for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; *Spotts v. U.S.*, 613 F.3d 559, 573 (5th Cir. 2010).

Under federal law, a claim accrues and the limitations period begins to run "when the plaintiff has a complete and present cause of action." *Wallace*, 549 U.S. at 388; *Spotts*, 613 F.3d at 574 (noting limitations begins to run the moment the plaintiff becomes aware that he has suffered any injury or has sufficient information to know that he has been injured). Determination of when plaintiff knew or should have known of the existence of a possible cause of action has two factors: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim. Moreover, a plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Id.*

In this case, there is no question that plaintiff knew of the allegedly excessive force on August 5, 2008, when it occurred, and was aware that he had suffered some physical injury as a result. His pleadings show that he knew that he had been injured and that he sought relief for such injuries in 2008, 2009, 2010, and 2012.[2] He was also aware of who allegedly caused such injuries. Therefore, plaintiff's cause of action accrued in August 2008. His complaint filed in February 2012, almost four years later, is time-barred.

Plaintiff, however, claims that because he is still suffering from the injuries he sustained, the statute of limitations has not run. (Docket Entry No.13). He claims that he did not have notice of the extent of his injuries until June 13, 2010, when a MRI was conducted.[3] (*Id.*). Even though plaintiff was unaware of the extent of the injury he allegedly suffered from the use of force injury until 2010, his pleadings show that on the day of the incident he was aware of facts that would give rise to a claim of excessive force. The pain he allegedly suffered following the use of force was such that a reasonable person would investigate, which plaintiff did. Accordingly, plaintiff's complaint is time-barred.

## CONCLUSION

Based on the foregoing, the Court ORDERS

1. Defendant Austin McComb's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) is GRANTED. (Docket Entry No.12). All claims against all defendants are DISMISSED. This complaint is DISMISSED WITH PREJUDICE.

---

[2] In his More Definite Statement, plaintiff indicates that immediately after the incident, he suffered extreme pain on his right side, numbness and tingling to his right side, and limited neck movement. (Docket Entry No.12). He complained to unit medical personnel but received no treatment. (*Id.*). In 2009, plaintiff was seen by medical personnel at John Sealy Hospital in Galveston, Texas, who referred him to specialists. On April 19, 2010, after additional testing for damage to nerves in plaintiff's neck, plaintiff was scheduled for an MRI. (*Id.*). The MRI was performed on June 13, 2012. (*Id.*). Plaintiff had an operation for which he was hospitalized in September 2010. (*Id.*).

[3] The Court notes that plaintiff did not file a grievance about the alleged use of excessive force until August 22, 2011. (Docket Entry No.1).

3

2. Plaintiff's Motion for Leave of Court to File Plaintiff's First Amended Original Petition (Docket Entry No.15) is DENIED. Plaintiff pleads no new facts that are pertinent to the present complaint but proffers reasons, without supporting facts, as to why his complaint should not be dismissed as time-barred. Moreover, plaintiff fails to attach a copy of the First Amended Original Complaint in accordance with the Court's Order of March 7, 2013, granting his application to proceed as a pauper. (Docket Entry No.4, page 2).

3. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order to the parties and a copy by facsimile transmission, regular mail, or e-mail to Assistant Attorney General Lacey E. Mase, 300 West 15th St., 7th Floor, Austin, Texas 78711.

SIGNED at Houston, Texas, this 23rd day of April, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

4